UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MERCEDES SANCHEZ, | Case No. 2:20-CV-2357 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| R.W. SELBY & COMPANY INC., et al., | |
| Defendant(s). | |

Presently before the court is defendants Rancho Serene, LLC and R.W. Selby & Co., Inc. d/b/a Rancho Serene Apartments' (collectively the "Rancho defendants") motion for summary judgment. (ECF No. 15). Plaintiff Mercedes Sanchez ("Sanchez") filed a response (ECF No. 16), to which the Rancho defendants replied (ECF No. 17).

Also before the court is Sanchez's motion for sanctions. (ECF No. 18). The Rancho defendants filed a response (ECF No. 19). Sanchez did not file a reply, and the time to do so has passed.

**I.     Background**

The instant action arises from Sanchez's alleged slip and fall on the Rancho defendants' portion of a sidewalk attached to their apartment complex. (ECF No. 1-2). Sanchez alleges that on or about January 1, 2019, she was visiting her daughter—who resides in the Rancho defendants' apartment complex—when she slipped and fell on a patch of ice. (*Id.* at 2).

On October 15, 2020, Sanchez filed her complaint in Nevada state court seeking damages for the Rancho defendants' alleged negligence. (*Id.* at 3–4). On December 31, 2020, the Rancho defendants filed a petition for removal pursuant to 28 U.S.C. 1332. (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

1  The Rancho defendants now move for summary judgment on Sanchez's negligence
2  claim. (ECF No. 15).

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

**James C. Mahan**
**U.S. District Judge**

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of L.A.*, 253 F.3d 410, 418-19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")).

**III.   Discussion**

A. The court denies the Rancho defendants' motion for summary judgment because genuine issues of material fact remain for trial

The Rancho defendants argue that they are entitled to summary judgment because the sham affidavit rule prevents Sanchez from maintaining that she stepped on a patch of ice and because Sanchez cannot show that the Rancho defendants had constructive notice of the ice even if it existed. (*See* ECF Nos. 15 at 2–3; 17 at 2–3). Consistent with the following, the court denies their motion on both grounds.

*1. The court declines to invoke the sham affidavit rule for Sanchez's contradictory testimony regarding the substance she slipped on*

As an initial matter, the Rancho defendants make much of a discrepancy between Sanchez's deposition testimony—where Sanchez claimed that she stepped on the "dry sections" of the pavement (ECF No. 15-1 at 3)—and Sanchez's subsequent declaration testimony—where

**James C. Mahan**
**U.S. District Judge**

- 3 -

1   Sanchez claimed that she slipped on ice (ECF No. 16 at 10–11).  The Rancho defendants argue
2   that Sanchez cannot argue that a genuine dispute of material fact exists as to whether she slipped
3   on ice when her only evidentiary support to that issue is her own declaration testimony, which
4   contradicts her prior deposition testimony.  (ECF Nos. 15 at 2–3; 17 at 2–3).  The court
5   disagrees.
6       It is true, generally, that in the Ninth Circuit, a plaintiff cannot "create an issue of fact by
7   an affidavit contradicting his prior deposition testimony."  *Yeager v. Bowlin*, 693 F.3d 1076,
8   1080 (9th Cir. 2012).  However, before striking an affidavit or declaration, the court must "make
9   a factual determination that the contradiction is a sham" and that the inconsistency is "clear and
10  unambiguous."  *Id.*  Thus, this doctrine—known as the "sham affidavit rule"—is to be applied
11  with caution, for it is "in tension with the principle that the court is not to make credibility
12  determinations when granting or denying summary judgment."  *Id.*
13      In *Yeager*, the district court found that the plaintiff submitted a sham affidavit when he
14  suddenly regained his ability to recall several "difficult-to-forget" events, like his testifying in
15  court and his involvement in a plane crash.  *Id.*  In his deposition, the plaintiff remembered
16  "almost nothing," but later "suddenly recalled those same events with perfect clarity."  *Id.*  Given
17  the implausible origins of the testimony at issue, the Ninth Circuit found that the district court
18  rightfully applied the sham affidavit rule.  *Id.* at 1080–81.
19      Here, the court finds no such reason to strike Sanchez's declaration.  After her accident,
20  Sanchez sought medical treatment on two separate occasions for her injuries, informing each
21  physician that she had sustained the wounds after slipping on a patch of ice.  (ECF No. 16 at 13–
22  14).  While Sanchez testified at her deposition that she had stepped on the "dry sections" of the
23  pavement (ECF No. 15-1 at 3), the discrepancy in Sanchez's testimony appears attributable to
24  mere misunderstanding or the vague nature of the question posed—namely, whether ice
25  constitutes a "dry" substance.
26      Given the potential for confusion in the deposition's line of questioning and Sanchez's
27  otherwise consistent contention that she slipped on ice, it is not apparent that Sanchez
28  perpetrated any sort of sham by later offering contradictory testimony.  Therefore, the court does

**James C. Mahan**
**U.S. District Judge**

- 4 -

not find it proper to make a credibility determination at this juncture and leaves the matter for the jury. *See Yeager*, 693 F.3d at 1080.

Accordingly, the court determines the Rancho defendants' motion for summary judgment with the assumption that Sanchez did slip on ice. *See Lujan*, 497 U.S. at 888; *Anderson*, 477 U.S. at 255 (holding that, at summary judgment, the evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in [her] favor").

*2. Genuine issues of material fact exist as to whether the Rancho defendants had constructive notice of the alleged ice hazard*

The Rancho defendants argue that summary judgment is appropriate even if Sanchez did slip on ice because she cannot demonstrate that they had constructive notice of the alleged hazard. (ECF Nos. 15 at 4; 17 at 3–5). Specifically, the Rancho defendants maintain that Sanchez cannot establish that ice is a "virtually continuous condition" of the premises, which they identify as a necessary element of premises liability in Nevada. (ECF No. 17 at 3–4). The court disagrees.

Under Nevada law, "a business owes its patrons a duty to keep the premises in a reasonably safe condition." *Sprague v. Lucky Stores, Inc.*, 109 Nev. 247, 250 (1993). When a plaintiff slips and falls on a foreign substance, and that foreign substance is the result of an action of someone unrelated to the business, the business may be held liable only if it had "actual or constructive notice of the condition and failed to remedy it." *Id.*

Here, the parties do not dispute that the Rancho defendants lacked actual notice of the ice. (*See* ECF Nos. 15 at 4; 16 at 4–6). Rather, the sole remaining issue of Sanchez's negligence claim is whether the Rancho defendants had *constructive* notice of the alleged hazard. (*See* ECF Nos. 15 at 4; 16 at 4–6).

"A defendant may have constructive notice of a [hazard] if a reasonable jury could determine that based on the circumstances of the hazard the defendant should have known the condition existed." *Chasson-Forrest v. Cox Commc'ns Las Vegas, Inc.*, No. 70264, 2017 WL 1328370, at *1 (Ct. App. Nev. Mar. 31, 2017) (citing *Sprague*, 109 Nev. at 250–51; *Paul v. Imperial Palace, Inc.*, 111 Nev. 1544, 1549 (1995)).

Whether the business had constructive notice of the hazard is "a question of fact that is properly left for the jury." *Sprague*, 109 Nev. at 250.[1] Therefore, at this summary judgment stage, the court determines merely whether a reasonable jury *could* find that the Rancho defendants had constructive notice of the alleged ice hazard. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

It is common knowledge that ice crystallizes at thirty-two degrees Fahrenheit. Given that the outside temperature on the day in question dipped below the thirty-two degrees (ECF No. 16 at 63–65), a reasonable jury could determine that the Rancho defendants should have known the ice existed. *Cf. Sprague*, 109 Nev. at 251. As a result, a reasonable jury may find that the Rancho defendants had constructive notice of the ice and therefore were negligent in their alleged failure to remedy the hazard. *Id.* at 250.

Accordingly, the court DENIES the Rancho defendants' motion for summary judgment.

B. <u>Sanchez's motion for sanctions is denied because the court finds no evidence of sanctionable conduct</u>

Sanchez argues that sanctions are appropriate against the Rancho defendants because 1) their motion for summary judgment violates Federal Rule of Civil Procedure 11(b) and 2) they "could not have possibly believed" the motion would succeed. (ECF No. 18 at 5). Her position rests primarily on two arguments: (1) that the Rancho defendants omitted any mention of evidence that creates a genuine issue of material fact; and (2) that they intended to mislead the court about Nevada law. (ECF No. 18 at 5–6). The court declines to impose sanctions on these bases.

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 437 (9th Cir. 1996) (quoting *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988)). The purpose of Rule 11 is to deter baseless filings and litigation abuses. *See Smith & Green Corp. v. Trs. of Constr. Indus. &*

---

[1] It is important to note that, despite the Rancho defendants' arguing the alternative, the *Sprague* court did not mention a requirement for the hazard to be a "virtually continuous condition" of the premises. *See Sprague*, 109 Nev. at 250; *see also Chasson-Forrest*, 2017 WL 1328370 at *1. Rather, the court merely used the existence of a "virtually continual hazard" to find that the business should have known about the condition's presence. *See Sprague*, 109 Nev. at 250–51.

James C. Mahan
U.S. District Judge

- 6 -

*Laborers Health & Welfare Tr.*, 244 F. Supp. 2d 1098, 1103 (D. Nev. 2003). Further, Rule 11 addresses two separate problems: "first, the problem of frivolous filings; and second, the problem of misusing judicial procedures as a weapon for personal or economic harassment." *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 (9th Cir. 1988).

Here, the court does not find sufficient evidence of frivolous filings or other misuse of judicial procedures on the Rancho defendants' part. While flawed, the Rancho defendants' arguments are cogent, reasonable, and do not rise to the high standard of sanctionable conduct under Rule 11. *See In re Keegan Mgmt. Co.*, 78 F.3d at 437.

Accordingly, the court DENIES Sanchez's motion for sanctions.

### IV.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Rancho defendants' motion for summary judgment (ECF No. 15) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Sanchez's motion for sanctions (ECF No. 18) be, and the same hereby is, DENIED.

DATED August 11, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**